**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IVAN M. JORDISON, et al.,

    Plaintiffs,

v.                                                                        No. CV 21-742 MIS/CG

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SOCORRO, et al.,

    Defendants.

## **SCHEDULING ORDER**

**THIS MATTER** is before the Court on the Rule 16 Scheduling Conference, held on January 11, 2022, and the parties' *Joint Status Report and Provisional Discovery Plan*, (Doc. 36), filed January 4, 2022. The Court adopts the *Joint Status Report and Provisional Discovery Plan*, (Doc. 36), as an Order of the Court as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a 180-day discovery track. Accordingly, the Court sets the following case management deadlines:

    i.    Plaintiffs to join additional parties and to amend the pleadings by:     **February 10, 2022**

    ii.    Defendants to join additional parties and to amend the pleadings by:     **March 14, 2022**

    iii.    Plaintiffs to identify in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by:     **May 2, 2022**

    iv.    All other parties to identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by: **June 2, 2022**

    v.    Termination date for discovery: **July 11, 2022**

    vi.    Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) to be filed with the Court and served on opposing parties by: **August 1, 2022**

    vii.    Pretrial motions, other than discovery motions, shall be filed with the Court and served on the opposing party by[1]: **August 11, 2022**

    viii.    Pretrial Order: To be determined by presiding judge.

Before moving for an order relating to discovery, the parties may request a conference with the Court in an attempt to resolve the dispute. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date.

The Court further sets the following discovery parameters:

i. Maximum of 25 Interrogatories by each party to any other party;

ii. Maximum of 25 Requests for Production by each party to any other party;

iii. Maximum of 50 Requests for Admission by each party to any other party;

iv. Maximum of 12 depositions by Plaintiffs and 12 depositions total by Defendants; and,

v. Depositions are limited to 4 hours, except depositions of parties and experts, which are limited to 7 hours, unless extended by agreement of the parties.

Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification

of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires.

Finally, the parties are reminded that Local Rule 73.2 permits parties to consent to proceed before the undersigned in dispositive matters, including trial. The decision to consent to proceed before the undersigned rests with the parties. If the parties agree to consent to the undersigned in the presiding role, they must jointly complete and submit the appropriate Form AO 85, which may be found on the Court's website at https://www.nmd.uscourts.gov/forms.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE