IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IVAN M. JORDISON, et al.**

      **Plaintiff,**

v.                                                            Case. 2:21-cv-00742-MIS-CG

**BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SOCORRO, ET AL.,**

      **Defendants.**

### ORDER APPOINTING GUARDIAN AD LITEM

THIS MATTER is before the Court on Defendants Village of Magdalena and Carlos Valenzuela ("Village Defendants") and Plaintiff Patricia Padilla's, as guardian of the minor child C.C., ("Padilla's") Joint Petition for the Appointment of a Guardian *ad Litem* ("Motion") [Doc. 51]. The Court, having been sufficiently advised, hereby **GRANTS** the Motion and appoints Eric Brittain, Esq. as Guardian *ad Litem* to serve as an arm of the Court to report on the fairness of the settlement and disposition of proceeds for the minor beneficiaries.

All immunities and privileges available to the Guardian *ad Litem*, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991), must extend to the Guardian *ad Litem* in this matter.

The Court further finds as follows:

1. A Guardian *ad Litem* should be appointed by this Court in connection with the Court's consideration of matters relating to settlement of Plaintiffs' claims in this matter.

2. Eric Brittain, Esq. is qualified to serve as and to perform the duties of Guardian *ad Litem* in this case.

3. The Guardian *ad Litem* shall be deemed a party entitled to participate, to have notice of all proceedings, and to receive copies of all pleadings and correspondence among the parties.

4. The Guardian *ad Litem* shall be deemed an arm and friend of the Court to assist the Court in discharging its duties to the minor child, C.C.  C.C. is already represented by competent

counsel, and the Guardian *ad Litem* under this appointment should not be requested to invade or interfere with counsel's responsibility to adequately and effectively represent them.

5. The Guardian *ad Litem* shall conduct an independent investigation of all matters relevant to the issues in this cause, shall report to the parties and the Court with his conclusions with respect to such investigation, and shall undertake whatever formal or other actions he deems necessary or appropriate to implement his conclusions and recommendations.

6. At the fairness hearing in this case, the Guardian *ad Litem* will be entitled to testify as a witness, and shall report in writing to the Court on the nature and scope of his investigation, conclusions, and recommendations regarding both the fairness and reasonableness of the proposed settlement and the manner in which the settlement monies shall be held or used for the benefit of C.C.

7. The Guardian *ad Litem* shall have access to all of C.C.'s medical, educational, psychological and other records, if any, which are relevant to the issues in this case.

8. There are strong public policy reasons to grant immunity to the Guardian *ad Litem* in this case, who is acting as an "Arm of the Court" and is performing an essential role in this Court's administration of justice.

9. Accordingly, all immunities and privileges available to the Guardian *ad Litem*, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991), shall be extended to the Guardian *ad Litem* in this matter.

10. The Guardian *ad Litem* shall be absolutely immune from any liability for his conduct in this matter as a result of an investigation on behalf of this Court into the fairness and reasonableness of the settlement and its effect on C.C., and the manner in which the settlement proceeds shall be used or held for C.C.'s benefit.

11. The Guardian *ad Litem*'s duties and obligation in this case are owed to the Court and not C.C.

12. The Guardian *ad Litem*'s appointment does not contemplate representation of C.C. as an advocate but only a functionary of the Court.

13. Plaintiffs shall pay the costs and fees of the Guardian *ad Litem* in an amount to be determined by the Court.

**IT IS THEREFORE ORDERED** that Eric Brittain, Esq., is hereby appointed by the Court as Guardian *ad Litem* for C.C. in accordance with the duties and responsibilities set forth above.

**IT IS FURTHER ORDERED** that, **no later than April 21, 2022**, Mr. Brittain shall submit a *sealed* copy of his report and recommendations to the Court and counsel for Plaintiffs and Village Defendants.  After the Court receives both this report and a joint motion to approve settlement, it will schedule a fairness hearing.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

_/s/ Blaine T. Mynatt_
BLAINE T. MYNATT
N.M. Bar No. 9474
btm@mmslawpc.com
HALEY R. GRANT
N.M. Bar No. 145671
hrg@mmslawpc.com
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
*Attorneys for Defendants Village of Magdalena and Carlos Valenzuela*

and

LAW OFFICE OF AMAVALISE F. JARAMILLO

*Approved via Email on February 24, 2022*
AMAVALISE F. JARAMILLO
P.O. Box 28
Tome, NM 87002
(505) 304-0405
amavalise@gmail.com
*Attorney for Plaintiffs*