IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IVAN M. JORDISON, et al.,

    Plaintiffs,

v.                                                                   No. CV 21-742 MIS/CG

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SOCORRO, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF SETTLEMENT ON BEHALF OF MINORS

**THIS MATTER** is before the Court on the parties' *Joint Stipulated Motion to Approve Settlement Agreement* (the "Motion"), (Doc. 63), filed May 18, 2022. In the Motion, the parties request that the Court approve the settlement on behalf of the minor in this matter, C.C. On March 4, 2022, United States District Judge Margaret I. Strickland referred the case to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 53).

The Court, having considered the terms of the parties' settlement, the Guardian Ad Litem (the "GAL") report, the record of this case, the relevant law, and the arguments presented at the fairness hearing, finds the settlement and the proposed division of the settlement proceeds is fair, reasonable, and in the best interest of the minor child C.C. and **RECOMMENDS** that it be **APPROVED**.

### I.  BACKGROUND

This case arises from a residential police raid which took place on September 13, 2019, resulting in the confiscation of monies, drugs and weapons. *See* (Doc. 1-3); (Doc. 60 at 4). The residence was occupied by Plaintiffs Ivan Jordison, Patricia Padilla, and

C.C., a minor child who was then 12 years old. (Doc. 1-3 at 2, 4); (Doc. 60 at 5). Ms. Padilla is the sister and legal guardian of minor Plaintiff C.C. (Doc. 60 at 3).

Plaintiffs allege that during the raid, officers pointed a firearm at C.C.'s head, and that they detained her in a police car for "about an hour"[1] without just cause. (Doc. 1-3 at 2). Specifically, Plaintiffs allege that "[a]t about 6:30 a.m. [o]fficers . . . assaulted and menaced Plaintiff [C.C.] by breaking her bedroom window from the outside and then pointed firearms through the broken bedroom window directly at [C.C's] head and body." *Id.* at 4. Then, other officers allegedly "forcefully entered into [C.C.'s] bedroom and pointed multiple firearms including assault weapons directly at [her] head and body . . . then forced her to put her hands behind her back and marched her out of her room at gunpoint." *Id.* Plaintiffs allege C.C. was in "fear of immediately being shot." *Id.* C.C. did not suffer any physical injuries from the incident, but instead suffered injuries of an emotional nature. (Doc. 60 at 5).

In the Complaint, originally filed in state court on March 23, 2021, Plaintiffs asserted various claims relating to police misconduct during and after the raid, including assault and battery, false imprisonment, conversion, and various statutory and constitutional claims via 42 U.S.C. § 1983. *See* (Doc. 1-3). Plaintiffs asked that the Court award compensatory damages and attorney's fees and costs. *Id.* at 8. On February 2, 2022, Plaintiffs agreed to settle all claims against Defendants Village of Magdalena and Carlos Valenzuela. (Doc. 63 at 1); *see* (Doc. 47). The two adult Plaintiffs' claims against these Defendants have since been dismissed. (Doc. 58). As

---

[1] Elsewhere in the Complaint, this period is described as "about 2 hours." (Doc. 1-3 at 5).

part of the settlement, Plaintiffs will receive $30,000.00 from Defendants Village of Magdalena and Carlos Valenzuela, of which C.C. will receive $10,000.00, inclusive of attorney fees. (Doc. 60 at 11).

On March 4, 2022, the Court entered an *Order Appointing Guardian Ad* Litem, (Doc. 54), appointing Eric M. Brittain as GAL for C.C., and directing him to prepare a report concerning the fairness and reasonableness of the settlement agreement as to C.C. On May 6, 2022, Mr. Brittain filed his report, in which he recommended that the Court approve the settlement. *See* (Doc. 60).

On May 18, 2022, the parties filed the instant *Joint Stipulated Motion to Approve Settlement Agreement*, (Doc. 63), requesting that the Court approve the minor child's settlement. The Court held a Fairness Hearing via Zoom on June 15, 2022, at which time counsel for all parties appeared, along with GAL Mr. Brittain and C.C.'s guardian, Ms. Padilla. (Doc. 69 at 1). Counsel agreed that the settlement was fair to the minor and should be approved. *Id.* Counsel also agreed that Defendants Village of Magdalena and Carlos Valenzuela would pay the fees and costs billed by the GAL for his service on behalf of C.C. in connection with the Court's approval of the settlement agreement. *Id.*

## II.     **LEGAL STANDARD**

Whenever a court is called upon to approve the compromise of a minor's claim, it is proper for that court to investigate the fairness of the settlement and determine whether the settlement terms are in the best interest of the minor. *See, e.g.*, *Everhart v. Dominguez*, 2:17-cv-1134 RB/CG, 2020 WL 5255277, at *1 (D.N.M. Sept. 3, 2020). Before approving such a settlement, the Court must ensure that the interests of the

minor will be adequately considered and protected. *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989). "Rule 17(c) flows from the general duty of the court to protect the interests of infants and incompetents in cases before the court." *Id.* (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978)); *see also Noe v. True*, 507 F.2d 9, 11-12 (6th Cir. 1974). In accordance with Rule 17(c)(2), "[t]he Court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor. . . ." In the exercise of its discretionary oversight authority, the Court should consider the following factors (the "*Jones* factors"):

> (1) whether the proposed settlement was fairly and honestly negotiated;
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (citation omitted).

### III.   ANALYSIS

Turning to the first *Jones* factor, the Court should consider whether the proposed settlement was fairly and honestly negotiated. *Jones,* 741 F.2d at 324. In general, arms-length negotiations, absent any allegations of collusion, demonstrate that a settlement was fairly and honestly negotiated. *See, e.g.*, *Lowery v. City of Albuquerque*, 1:9-cv-457 JB/WDS, 2013 WL 1010384, at *36 (D.N.M. Feb. 27, 2013).

In this case, Mr. Brittain indicates that the information he reviewed and discussions he had with counsel, as well as the parties, led him to conclude the terms of the settlement were fairly and honestly negotiated. (Doc. 60 at 9). Specifically, he states that "[n]one of the plaintiffs tried to take a larger share of the settlement[,] and each seemed genuinely concerned about each other." *Id.* at 9-10. Upon review of the GAL report and the testimony given at the hearing, the Court therefore concludes that the proposed settlement was fairly and honestly negotiated.

As to the second *Jones* factor, the Court must consider whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt. *Jones,* 741 F.2d at 324. As Mr. Brittain notes, in this case, C.C. did not sustain any physical injuries, and "[w]hile a judge or jury could find that her injuries and emotional distress could warrant awards higher than the[] proposed amount[], there is also the possibility that the hypothetical award could be . . . significantly lower." (Doc. 60 at 10). Additionally, as Mr. Brittain notes, *Monell* liability is a "difficult standard to satisfy" and there is also uncertainty as to whether C.C. can satisfy the "de minimus injury requirement" necessary to recover for a claim of excessive force. *Id.* There is also a risk that any motion by Defendants for summary judgment on the basis of qualified immunity would substantially protract this litigation, and ultimately bar recovery. *Id.* at 11. The Court therefore concludes that serious questions of law and fact exist, placing the ultimate outcome of the litigation in serious doubt.

5

Third, the Court must consider whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *Jones,* 741 F.2d at 324. As explained above, here, there is a risk that any motion for summary judgment on the basis of qualified immunity may significantly delay or bar recovery. Therefore, the Court concludes that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

Fourth and finally, the Court must consider whether it is the judgment of the parties that the settlement is fair and reasonable. *Jones,* 741 F.2d at 324. Counsel for all parties, Ms. Padilla, and Mr. Brittain all stated at the hearing that they believe the settlement is fair and reasonable. (Doc. 69). Mr. Brittain also opined in his report that the settlement is fair and reasonable and in the best interests of C.C., and recommended that the Court approve the settlement. *See* (Doc. 60).

Therefore, given the foregoing, and having considered the GAL report, the record of this case, the relevant law, the presentations of counsel, and the testimony of Mr. Brittain and Ms. Padilla during the fairness hearing held on June 15, 2022, the Court finds the settlement to be fair, reasonable, and in the best interests of C.C. *See Jones*, 741 F.2d at 324 (The Court "must approve a settlement if it is fair, reasonable and adequate").

IV.  **CONCLUSION**

For the reasons set forth herein, the Court respectfully **RECOMMENDS** that the parties' *Joint Stipulated Motion to Approve Settlement Agreement*, (Doc. 63), be **GRANTED** and the settlement be **APPROVED,** on the condition that the fees of Eric M.

Brittain, the court-appointed Guardian Ad Litem, be paid by Defendants Carlos Valenzuela and the Village of Magdalena.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE