IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IVAN M. JORDISON, et al.**

    **Plaintiff,**

v.                                                                                Case. 2:21-cv-00742-MIS-CG

**BOARD OF COUNTY COMMISSIONERS**
**FOR THE COUNTY OF SOCORRO, ET AL.,**

    **Defendants.**

## ORDER APPOINTING GUARDIAN AD LITEM

THIS MATTER is before the Court on Defendants County of Socorro and Richard Lopez, Dominic Montano and William Armijo's ("County Defendants") and Plaintiff Patricia Padilla's, as guardian of the minor child C.C., ("Padilla's") Joint Petition for the Appointment of a Guardian *ad Litem* ("Motion"). The Court, having been sufficiently advised, hereby **GRANTS** the Motion and appoints Eric Brittain, Esq. as Guardian *ad Litem* to serve as an arm of the Court to update his previous GAL Report and report on the fairness of the settlement and disposition of proceeds for the minor beneficiary.

All immunities and privileges available to the Guardian *ad Litem*, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991), must extend to the Guardian *ad Litem* in this matter.

The Court further finds as follows:

1. A Guardian *ad Litem* should be appointed by this Court in connection with the Court's consideration of matters relating to settlement of Plaintiffs' claims in this matter.

2. Eric Brittain, Esq. is qualified to serve as and to perform the duties of, Guardian *ad Litem* in this case.

3. The Guardian *ad Litem* shall be deemed a party entitled to participate, to have notice of all proceedings, and to receive copies of all pleadings and correspondence among the parties.

4. The Guardian *ad Litem* shall be deemed an arm and friend of the Court to assist the Court in discharging its duties to the minor child, C.C.  C.C. is already represented by competent counsel, and the Guardian *ad Litem* under this appointment should not be requested to invade or interfere with counsel's responsibility to adequately and effectively represent them.

5. The Guardian *ad Litem* shall conduct an independent investigation of all matters relevant to the issues in this cause, shall report to the parties and the Court with his conclusions with respect to such investigation, and shall undertake whatever formal or other actions he deems necessary or appropriate to implement his conclusions and recommendations.

6. At the fairness hearing in this case, the Guardian *ad Litem* will be entitled to testify as a witness, and shall report in writing to the Court on the nature and scope of his investigation, conclusions, and recommendations regarding both the fairness and reasonableness of the proposed settlement and the manner in which the settlement monies shall be held or used for the benefit of C.C.

7. The Guardian *ad Litem* shall have access to all of C.C.'s medical, educational, psychological and other records, if any, which are relevant to the issues in this case.

8. There are strong public policy reasons to grant immunity to the Guardian *ad Litem* in this case, who is acting as an "Arm of the Court" and is performing an essential role in this Court's administration of justice.

9. Accordingly, all immunities and privileges available to the Guardian *ad Litem*, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991), shall be extended to the Guardian *ad Litem* in this matter.

10. The Guardian *ad Litem* shall be absolutely immune from any liability for his conduct in this matter as a result of an investigation on behalf of this Court into the fairness and reasonableness of the settlement and its effect on C.C., and the manner in which the settlement proceeds shall be used or held for C.C.'s benefit.

11. The Guardian *ad Litem*'s duties and obligation in this case are owed to the Court and not C.C.

12. The Guardian *ad Litem*'s appointment does not contemplate representation of C.C. as an advocate but only a functionary of the Court.

13. Defendants shall pay the costs and fees of the Guardian *ad Litem* in an amount to be determined by the Court.

**IT IS THEREFORE ORDERED** that Eric Brittain, Esq., is hereby appointed by the Court as Guardian *ad Litem* for C.C. in accordance with the duties and responsibilities set forth above.

**IT IS FURTHERED ORDERED** that, **no later than August 10, 2022**, Mr. Brittain shall submit a *sealed* copy of his report and recommendations to the Court and counsel for Plaintiffs and Village Defendants. After the Court receives both this report and a joint motion to approve settlement, it will schedule a fairness hearing.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Jointly submitted:

/s/ Amavalise F. Jaramillo

        Amavalise F. Jaramillo
        P.O. Box 28
        Tome, NM 87002
        (505) 304-0405
        amavalise@gmail.com
        *Attorney for Plaintiffs*

        /s/ David Roman
        David Anthony Roman
        111 Lomas Blvd., N.W., Ste. 424
        Albuquerque, NM 87102
        (505) 820-8116
        droman@nmcounties.org

        /s/ Brandon Huss
        Brandon Huss
        111 Lomas Blvd., N.W., Ste. 424
        Albuquerque, NM 87102
        (505) 820-8116
        bhuss@nmcounties.org

*Attorneys for Board of County Commissioners for the County of Socorro, William Armijo, Dominic Montano and Richard Lopez*